Albert L. TAYLOR, Plaintiff,

v.

Abraham A. RIBICOFF, Secretary of Health, Education and Welfare, Defendant.

Civ. A. 2859.

United States District Court
W. D. South Carolina,
Greenwood Division.

July 3, 1961.

Nicholson & Nicholson, Greenwood, S. C., for plaintiff.

Joseph E. Hines, U. S. Atty., Spartanburg, S. C., James D. Jefferies, Asst. U. S. Atty., Greenville, S. C., for defendant.

WYCHE, Chief Judge.

This is an action commenced by plaintiff asking the District Court to review a final decision of the Secretary of Health, Education and Welfare in accordance with 205(g) of the Social Security Act, 42 U.S.C.A. § 405(g). The decision of the Secretary denied the plaintiff the period of disability and disability insurance benefits for which he applied. There is no question as to jurisdiction or the plaintiff's right to bring the action.

The statute must be given a reasonable interpretation as it is remedial in nature. Harper v. Flemming, 4 Cir., 1961, 288 F.2d 61. It certainly was not the intention of Congress to impose a test so severe as that required by the Secretary, thus making it necessary for a claimant to eliminate every possibility of gainful employment. Peck v. Ribicoff, D.C.1961, 193 F.Supp. 450; Klimaszewski v. Flemming, D.C., 176 F.Supp. 927, 932; Dunn v. Folsom, D.C., 166 F.Supp. 44.

The Social Security Act must be administered with much informality, and satisfaction of claimant's statutory burden is to be judged in a practical way. Butler v. Flemming, 5 Cir., 1961, 288 F.2d 591.

Test of eligibility for disability freeze under Social Security Act must include consideration of claimant's background, experience, training, education, physical and mental capabilities, whether type of employment he has followed is open to him and absence of any indication of specific work which he can perform existing in general area where he lives. Butler v. Flemming, supra.

Considering the background, experience, training, education, physical and mental capabilities of the plaintiff, the kinds and types of employment formerly followed and no longer open to him, the absence of any indication of any specific work less exacting within his residual competency and reasonably available as a prospective source of employment in the general area where he lives, the record in this case satisfies that test.

Under the foregoing authorities, I must conclude, that the findings of the referee as to the establishment of a period of disability and disability insurance benefits are not supported by substantial evidence on the record considered as a whole and under the authority for appeal given by 42 U.S.C.A. § 405(g) the conclusion of the Secretary that the claimant was not entitled to the period of disability and the disability insurance benefits was clearly erroneous, was incorrect, and must, therefore, be reversed.

It is, therefore, ordered, that the decision of the Secretary in this case be and the same is hereby reversed, with direction that judgment be entered for the plaintiff.